UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAMILO RODRIGUEZ                                                    CIVIL ACTION

VERSUS                                                              NO: 05-1841

TORCH OFFSHORE, L.L.C., ET AL.                                      SECTION: "A" (2)

**ORDER & REASONS**

Before the Court is Plaintiff's **Motion for New Trial (Rec. Doc. # 78)**.  In the motion, Plaintiff argues that he is entitled to prejudgment legal interest on all past damages, attorney's fees for Defendants' alleged failure to pay maintenance, and for an award of future lost wages and maintenance.  Defendant opposes the motion.  For the reasons that follow, the Plaintiff's **Motion for New Trial (Rec. Doc. # 78)** is **DENIED**.  However, this Court's **Judgment (Rec. Doc. # 77)** is amended to clarify that Plaintiff is entitled to an award of prejudgment interest.

*Motion for New Trial*

"[A] district court has considerable discretion in deciding whether to grant a motion under Rule 59."  *Karim v. Finch Shipping Company*, 111 F.Supp.2d 783, 784 (E.D. La. 2000) citing *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F3d 350, 355 (5th Cir. 1993).  Further, "[R]ule 59 should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings." *Id.* at 784,  *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

After a review of Plaintiff's Motion for New Trial, this Court finds no reason to grant a new trial.  Although Plaintiff may disagree with the Court's judgment, he fails to demonstrate a recognized ground for relief under Rule 59.

*Prejudgment Interest*

It is within this Court's discretion to award prejudgment interest on damages that have accrued as of the date of judgment. *Martin v. Walk, Haydel & Associates, Inc.*, 794 F.2d 209, 212 (5th Cir. 1986). Following a review of the record, the Court amends its earlier judgment to designate the $200,000 in general damages awarded to Plaintiff as past pain and suffering. Further, the judgment is amended to clarify that Plaintiff is entitled to prejudgment legal interest on the full amount of the award. Therefore, prejudgment legal interest on $354,035 shall be paid by Defendants to the Plaintiff. Interest shall be calculated from the date of judicial demand until satisfied.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion for New Trial (Rec. Doc. # 78)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Judgment (Rec. Doc. # 77)** is amended to designate the general damage award as past pain and suffering, and to clarify a grant of prejudgment legal interest to the Plaintiff from the date of judicial demand until satisfied.

New Orleans, Louisiana, Thursday, November 9, 2006.

_____
JAY C ZAINEY
UNITED STATES DISTRICT JUDGE